GEORGE T. O'BRIEN, as a Stockholder of the AMERICAN MINES & EXPLORATION COMPANY, Suing on Behalf of Said AMERICAN MINES & EXPLORATION COMPANY, on Behalf of Himself and All Other Stockholders of Said Company Similarly Situated, Respondent, v. PHILIP M. KING, Appellant, Impleaded with AMERICAN MINES & EXPLORATION COMPANY, a Corporation, Defendant, and MAX TERRY, as Receiver, etc., Additional Party Defendant, Respondent.

First Department, January 26, 1940.

Laurence H. Axman of counsel [Albert B. Gins with him on the brief], for the appellant.

Alfred G. Mueller, for Max Terry, receiver, respondent.

TOWNLEY, J. This is a stockholder's derivative action brought against the defendant King for an accounting and for a judgment

in favor of the corporation for damages sustained as a result of an alleged conversion by him of 750,000 shares of the stock of Afton Mines, Ltd., which were corporate property. The corporate charter of this Delaware corporation was forfeited April 1, 1933, for non-payment of taxes. This action was commenced two years and four months after dissolution. The defendant King, on a prior motion, applied for an order declaring that the corporation was a necessary party and that, since it had not and could not be served, the complaint should be dismissed. The court granted the motion to the extent of declaring that the corporate defendant was a necessary party and should be brought in. Thereafter the plaintiff procured the appointment of a receiver of the corporation. On January 19, 1939, the receiver asked for leave to intervene as a party plaintiff. This motion was denied at Special Term with leave, if he were so advised, to move to be substituted in place of the corporation as a party defendant. There were no appeals from these orders, and on May 25, 1939, the receiver moved at Special Term for an order substituting himself in place of the American Mines & Exploration Company as party defendant. That motion was granted by Special Term.

A derivative action cannot be maintained except where the corporation or, in the event of insolvency or dissolution, its representative refuses to sue. As was said by the Court of Appeals in *Isaac* v. *Marcus* (258 N. Y. 257, 265), in a case where the Superintendent of Banks, in effect a statutory receiver, wished to maintain an action which had been previously brought by a stockholder: " So long as the corporation was in existence, no stockholder had any derivative right of action for injury to the corporation until it appeared that those who controlled the corporation refused to or were unable to protect its rights. As part of his derivative cause of action a stockholder must allege and prove a demand upon the corporation or the futility of making such a demand. ' He should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court.' [*Hawes* v. *Oakland*, 104 U. S. 460.] The managing body of the corporation no longer can control its action. The Superintendent of Banks stands in the place of the managing body. Even if the right of action conferred upon him is not exclusive and a stockholder may maintain an action based upon the misconduct of a corporate officer or director, he must still prove all the essentials of the cause

of action vested in him. He has no grievance or derivative right of action until the corporation, acting through its managing body or the Superintendent of Banks, refuses to enforce the right of action vested in the corporation against those who despoil the corporation of its assets. He has not ' exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes ' until he has placed the Superintendent of Banks in a position which calls for a definite choice whether or not the liquidator of the bank shall institute the action ' vested in such corporation or in the stockholders or creditors thereof.' "

In the present case the representative of the corporation has indicated a desire to prosecute the claim. Under such circumstances it was improper to bring him in as a party defendant to continue a derivative action when he wishes personally to prosecute the action. In this particular case the court never had jurisdiction over the corporation and certainly the action cannot be continued by adding as a party defendant one who should be and is willing to be the plaintiff.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements against the defendant-respondent, and the motion denied.