AMERICAN MOTORISTS INSURANCE COMPANY, Appellant, v NORTH COUNTRY MOTORS, LTD., et al., Defendants; SAM PLOTSKY, as Father and Natural Guardian of SHEILA PLOTSKY, an Infant, et al., Respondents.

Third Department, April 28, 1977

· *Siegel & Semel, P. C. (Martin J. Semel* of counsel), for appellant.

*Levine & Levine (Stuart S. Berman* of counsel), for Sam Plotsky, respondent.

*Appelbaum & Eisenberg (Bertram W. Eisenberg* of counsel), for Helen Skowronski, as administratrix, respondent.

*Owen & Grogan (Gerard T. Grogan* of counsel), for Helen Skowronski, respondent.

KANE, J. Plaintiff issued a policy of liability insurance to North Country Motors, Ltd. covering certain occurrences arising out of garage operations. On November 17, 1974, a vehicle operated by one Vassino, which was owned by him and/or one Savastano and bore dealer license plates issued to North Country Motors, Ltd., was in a collision with a motor vehicle owned and operated by John Skowronski, deceased, in which Sheila Plotsky was a passenger. Negligence actions were commenced on behalf of Skowronski and Plotsky against Vassino and North Country Motors, Ltd. Disclaiming coverage on a number of grounds, plaintiff then commenced this action seeking a declaration that it is not obligated to defend those actions on behalf of Vassino or North Country Motors, Ltd. and that it is not obligated to pay any judgments which might · ensue therefrom. North Country Motors, Ltd., Vassino and Savastano defaulted and a judgment was entered against them. Upon application of Skowronski, that judgment was resettled to add "It being understood that this order and judgment does not in any way affect the rights and remedies of the defendants, Plotsky and the the estate of John Skowronski as against the plaintiff." Plaintiff thereupon moved for summary judgment against the remaining defendants in the declaratory judgment action on the basis that the default judgment taken against Vassino, Savastano and North Country Motors, Ltd. was *res judicata* on the issue of plaintiff's responsibility in the underlying negligence actions. Special Term denied the motion and this appeal by plaintiff ensued.

The question to be resolved is whether an insured's default in a declaratory judgment action brought by the insurer to

disclaim coverage estops nondefaulting injured third parties from contesting that issue. It is plaintiff's contention that should the injured parties obtain awards in the negligence actions and seek recovery under subdivision 7 of section 167 of the Insurance Law, they, as judgment creditors, could succeed only if the insured could recover under the policy *(Wenig v Glens Falls Ind. Co.,* 294 NY 195; *Holmes v Allstate Ins. Co.,* 33 AD2d 96; *Spadaro v Newark Ins. Co.,* 21 AD2d 226, affd 15 NY2d 1000). Since the default judgment has decided that Vassino and North Country Motors, Ltd. would not have a claim under the policy, plaintiff argues that the injured parties, standing in the shoes of the insured, can possess no claim against it *(Spindell v Brooklyn Jewish Hosp.,* 35 AD2d 962, affd 29 NY2d 888; see Practice Commentary by Professor David D. Siegel, McKinney's Cons Laws of NY, Book 7B, CPLR 3215, p 881).

While there appears to be some authority to support plaintiff's views, the mischief that could be worked by this position has been recognized previously. A person concerned with the issue of insurance coverage cannot be deprived of an opportunity to be heard on that point by the default of another, and the doctrine of collateral estoppel or *res judicata* cannot be used to effectuate such an end *(Hawkeye-Security Ins. Co. v Schulte,* 302 F2d 174; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *MVAIC v National Grange Mut. Ins. Co.,* 19 NY2d 115). Although our decision renders the matter academic, we also reject plaintiff's assertion that resettlement of the original judgment cannot be allowed to limit the legal effect of the judgment entered in the first instance. Resettlement merely clarifies or corrects an order or judgment and does not change or amplify the direction of the court *(Matter of Bausch,* 281 App Div 544).

The order should be affirmed, with costs.

KOREMAN, P. J., GREENBLOTT, MAIN and HERLIHY, JJ., concur.

Order affirmed, with costs.