◼ E. Daskal Corp. et al., Respondents, v New City Ventures LP-1 et al., Respondents, et al., Defendant, and Brown Raysman & Millstein, Appellant. [639 NYS2d 473] ◼

The plaintiffs, E. Daskal Corp. and Elliott Daskal, are limited partners of the defendant New City Ventures LP-1 (hereinafter Ventures). Ventures was a limited partnership formed for the purpose of conducting a 900 telephone number contest with a grand prize of a role in a movie and a cash award. The cash award was to be guaranteed by an escrow fund. Accordingly, an escrow agreement was drawn up designating the de-

fendant Gregory Frost, Esq., then a partner at the defendant Bower & Gardner (hereinafter B & G), as the escrow agent. After the limited partnership had been formed and the escrow agreement executed, Frost left B & G to become a partner at the defendant-appellant law firm Brown Raysman & Millstein (hereinafter BRM). The plaintiffs, alleging, *inter alia,* that Frost committed various breaches of the escrow agreement and of his professional responsibilities to Ventures, commenced this derivative action on behalf of Ventures. On appeal, BRM argues that the court erroneously denied its motion to dismiss the complaint insofar as asserted against it. We now affirm the order insofar as appealed from.

BRM argues that the plaintiffs, as limited partners of Ventures, lacked standing to commence suit on its behalf *(see,* Partnership Law § 121-1002 [a]). However, the plaintiffs proffered unrebutted evidence that both oral and written demands to commence suit were made upon the general partner of Ventures, New City Pictures, Inc. (hereinafter New City), and that such demands were not acted upon. The demands, which were in conformity with the limited partnership agreement, were stated with particularity in the complaint *(see,* Partnership Law § 121-1002 [c]). Accordingly, the plaintiffs had standing to commence this derivative action *(see, e.g., O'Brien v King,* 258 App Div 504, 505).

BRM also argues that the plaintiffs have failed to state a cause of action against it because, *inter alia,* it was not a signatory to the escrow agreement and because it was never the holder of the Ventures escrow account. However, the plaintiffs' complaint and the plaintiffs' submissions in opposition to the appellant's motion are sufficient to support a finding that the escrow account maintained by Frost for Ventures while at B & G was in fact transferred to an escrow account maintained by BRM. Moreover, several of the breaches allegedly committed by Frost were committed while he was a partner at BRM *(see,* Partnership Law §§ 23-25). Thus, the court did not err in denying BRM's motion to dismiss the complaint insofar as asserted against it.

The plaintiffs' argument concerning the return of certain legal fees paid to BRM to secure the release of files BRM possessed that were relevant to this litigation relates to the damages to which the plaintiffs may be entitled. Accordingly, it should be resolved at trial. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.