■ STATE FARM INSURANCE COMPANY, Respondent, v JOSE FRIAS et al., Defendants, and MOTA TINEO LUCCME, Also Known as LUCHE TINEO, et al., Appellants. [887 NYS2d 648]—

In an action for a judgment declaring, inter alia, that the plaintiff, State Farm Insurance Company, is not obligated to defend or indemnify the defendants and is not required to pay any damages, awards, benefits, or make other payments to them in an underlying action entitled *Urena v Frias*, pending in the Supreme Court, Queens County, under index No. 365/05, the defendants Mota Tineo Luccme, also known as Luche Tineo, and Luis Urena appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), entered June 9, 2008, as, upon an order of the same court entered April 10, 2008, granting those branches of the plaintiff's motion which were for summary judgment declaring that it is not required to provide insurance coverage to them because the incident on January 24, 2002, resulted from an intentional act, declared that the plaintiff is not required to provide insurance coverage to them because the incident on January 24, 2002, resulted from an intentional act, and that the plaintiff is not required to pay any damages, awards, or benefits to them in

any current or future proceedings, including the underlying action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment declaring that it is not required to provide insurance coverage to the appellants because the incident on January 24, 2002, resulted from an intentional act are denied, and the order entered April 10, 2008, is modified accordingly.

On January 24, 2002, the appellants, Mota Tineo Luccme, also known as Luche Tineo (hereinafter Luccme), and Luis Urena, allegedly were injured when the car in which they were passengers collided with a car operated by Jose Abreu and owned by the defendant Jose A. Frias. Frias was the named insured on an automobile policy issued by the plaintiff, State Farm Insurance Company (hereinafter State Farm). Luccme and Urena commenced the underlying action in the Supreme Court, Queens County, against Frias and Abreu, as well as against the defendants Augustin Adams, also known as Antonio Agustin, and Hector Ulloa, the owner and operator, respectively, of the car in which Luccme and Urena were passengers.

In December 2005, after an investigation, State Farm commenced this action seeking a judgment declaring that, by reason of no coverage and the failure of Frias, State Farm's named insured, to cooperate, it was not required to defend or indemnify anyone as a result of the incident. State Farm alleged, inter alia, that the 10 individuals it named as defendants in this action were involved in a scheme to stage automobile collisions, including the collision in which Luccme and Urena allegedly were injured.

Of the 10 defendants named in this action, only three, Luccme, Urena, and Pedro Fernandez, answered the complaint, and the Supreme Court granted State Farm's motion for leave to enter a default judgment against the other defendants. State Farm was directed to submit a proposed judgment on notice. Luccme and Urena were served with the proposed judgment, and did not object to its terms or submit a proposed counter-judgment of their own. On October 25, 2006, the Supreme Court entered a judgment against the defaulting defendants. The judgment declared that State Farm was not required to provide insurance coverage to the defaulting defendants because the incident of January 24, 2002, resulted from an intentional act; that, by reason of no coverage and the failure of State Farm's insured to cooperate, State Farm was not obligated to defend or indemnify Frias or Abreu in any current or future proceeding,

including the underlying action; and that State Farm was not required to pay any damages, awards, or benefits to any of the other defaulting defendants in any current or future proceedings, including the underlying action.

State Farm subsequently moved for summary judgment against the three nondefaulting defendants, including Luccme and Urena, based on those parts of the default judgment which declared that the January 24, 2002, collision resulted from an intentional act, and that State Farm was not obligated to defend or indemnify its insureds or to provide any coverage. State Farm argued that, because the three nondefaulting defendants had not proposed a counter-judgment, had not opposed State Farm's proposed judgment, had not moved for leave to renew or reargue, had not moved to vacate the judgment, and had not appealed from the judgment, they were estopped from challenging the declarations contained in it. Luccme and Urena opposed State Farm's motion and, in an order entered April 10, 2008, the Supreme Court granted the motion based on the failure of the nondefaulting defendants to oppose the proposed judgment. Luccme and Urena appeal from the resulting judgment. We reverse.

Inasmuch as State Farm initially moved for leave to enter a default judgment against the defaulting defendants only, the resulting judgment binds only those defendants, and may not be given preclusive effect to deprive Luccme and Urena, who appeared in the action, of their right to litigate the issues pertaining to coverage (*see American Motorists Ins. Co. v North Country Motors*, 57 AD2d 158, 160 [1977]). Accordingly, we reverse the order insofar as appealed from. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.