■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v ANN EINHORN, Defendant, and AVIGDOR EHRENFELD et al., Respondents. [21 NYS3d 275]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Ann Einhorn in an underlying personal injury action entitled Ehrenfeld v Einhorn, pending in the Supreme Court, Kings County, under Index No. 21040/11, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated February 27, 2013, as denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend or indemnify the defendants Avigdor Ehrenfeld, Sarah Ehren-

feld, and Beth Jacob Day School in that personal injury action, and (2) so much of an order of the same court dated November 25, 2013, as denied that branch of its motion which was pursuant to CPLR 3217 (b) for leave to voluntarily discontinue the instant action.

Ordered that the appeal from so much of the order dated February 27, 2013, as denied that branch of the plaintiff's motion which was for summary judgment against the defendant Beth Jacob Day School is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated February 27, 2013, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated November 25, 2013, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the plaintiff's motion which was pursuant to CPLR 3217 (b) for leave to voluntarily discontinue the instant action is granted.

The defendant Avigdor Ehrenfeld allegedly sustained injuries when he fell on real property owned by the defendant Ann Einhorn, the plaintiff's insured. Avigdor, and his wife Sarah Ehrenfeld suing derivatively, commenced a personal injury action against Einhorn and the neighboring landowner, the defendant Beth Jacob Day School (hereinafter Beth Jacob). Upon receiving notice of the commencement of the personal injury action, and after investigating the claim, the plaintiff disclaimed coverage, inter alia, on the ground that its investigation revealed that Einhorn did not reside at the property at the time of the accident and, therefore, the property was not an "insured location" as defined in the insurance policy that it issued to Einhorn. The plaintiff commenced the instant action against Einhorn, the Ehrenfelds, and Beth Jacob, seeking a judgment declaring that it is not obligated to defend or indemnify any of the defendants in the underlying personal injury action. Einhorn failed to appear or answer the complaint.

The plaintiff moved, among other things, for leave to enter a default judgment against Einhorn and for summary judgment against the Ehrenfelds and Beth Jacob declaring that it is not obligated to defend any of the defendants in the underlying personal injury action. In an order dated February 27, 2013, the Supreme Court granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Einhorn only to the extent of declaring that the plaintiff is not obligated to defend Einhorn in the underlying personal injury action. In support of that branch of the motion which was for

summary judgment, the plaintiff relied upon redacted excerpts of a transcript from a telephone conversation between one of its liability examiners and a woman identifying herself as the insured, in which the woman purporting to be Einhorn stated that she was not residing at the subject premises at the time of the accident, a condition precedent to coverage for claims alleging bodily injury. The court denied that branch of the plaintiff's motion which was for summary judgment declaring that it is not obligated to defend or indemnify the Ehrenfelds and Beth Jacob in the underlying personal injury action.

So much of the order dated February 27, 2013, as denied that branch of the plaintiff's motion which was for summary judgment against the defendant Beth Jacob Day School was, in effect, vacated in an order dated November 25, 2013, which, inter alia, upon reargument, granted that branch of the plaintiff's motion. Accordingly, the appeal from that portion of the order dated February 27, 2013, must be dismissed as academic.

With respect to the remaining defendants, i.e., the Ehrenfelds, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law based upon the unreliable hearsay statements allegedly attributed to Einhorn (*see People v Brensic*, 70 NY2d 9, 14 [1987]). Furthermore, while a defendant who has defaulted in an action admits all traversable allegations set forth in the complaint, including the basic allegation of liability (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Rokina Opt. Co. v Camera King*, 63 NY2d 728 [1984]; *Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116 [2015]), since the plaintiff moved for leave to enter a default judgment only against Einhorn, any resulting judgment would bind only her, and may not be given preclusive effect to deprive the nondefaulting defendants of their right to litigate the issues pertaining to coverage as permitted by law in the appropriate forum (*see State Farm Ins. Co. v Frias*, 66 AD3d 997 [2009]; *American Motorists Ins. Co. v North Country Motors*, 57 AD2d 158 [1977]; *see also West St. Props., LLC v American States Ins. Co.*, 124 AD3d 876 [2015]; *cf. Lang v Hanover Ins. Co.*, 3 NY3d 350, 353-354 [2004]; *River View at Patchogue, LLC v Hudson Ins. Co.*, 122 AD3d 824 [2014]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment declaring that it is not obligated to defend or indemnify the Ehrenfelds in the underlying personal injury action.

The plaintiff also moved, inter alia, pursuant to CPLR 3217 (b) for leave to voluntarily discontinue the instant action. In

the order dated November 25, 2013, the Supreme Court denied that branch of the plaintiff's motion. "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted" (*Turco v Turco*, 117 AD3d 719, 720 [2014] [internal quotation marks omitted]). Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion, as there was no showing of prejudice to a substantial right, or other improper consequence that would arise from permitting the plaintiff to voluntarily discontinue the action (*see Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d 881 [2013]). Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.