Katz v Hampton Hills Assoc. Gen. Partnership (2020 NY Slip Op 04545)





Katz v Hampton Hills Assoc. Gen. Partnership


2020 NY Slip Op 04545


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-04682
 (Index No. 600510/11)

[*1]Stephen Katz, etc., et al., appellants-respondents,
v
Hampton Hills Associates General Partnership, et al., respondents, Finkle Ross & Rost, LLP, et al., respondents-appellants.


Certilman Balin Adler & Hyman LLP, East Meadow, NY (John H. Gionis, Paul B. Sweeney, and Paul A. Pagano of counsel), for appellants-respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Mark K. Anesh and Philip J. Furia of counsel), for respondents-appellants.
Meister Seelig & Fein LLP, New York, NY (Mitchell Schuster and Kevin Fritz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered April 18, 2017, and the defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP, cross-appeal from the same order. The order, insofar as appealed from, upon granting that branch of the plaintiffs' motion which was for leave to file a third amended complaint, granted those branches of the motion of the defendants Hampton Hills Associates General Partnership, Hampton Hills Operating Corp., Barry J. Beil, and Stanley Pine, and the separate motion of the defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP, which were pursuant to CPLR 3211(a) to dismiss so much of the third amended complaint as asserted shareholder's derivative causes of action on behalf of Hampton Hills Operating Corp., and the first, third, fourth, and fifth causes of action in the third amended complaint insofar as asserted by the plaintiffs Stephen Katz, Michael Loeb, Donald Chaifetz, and James V. Zizzi, individually, and denied those branches of the plaintiffs' motion which were to vacate the note of issue, for leave to file a jury demand nunc pro tunc, and to voluntarily discontinue the action insofar as commenced by the plaintiff Donald Chaifetz. The order, insofar as cross-appealed from, upon granting that branch of the plaintiffs' motion which was for leave to file a third amended complaint, denied that branch of the motion of the defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP, which was pursuant to CPLR 3211(a) to the dismiss the eighth cause of action in the third amended complaint.
ORDERED that the appeal from so much of the order as granted those branches of the motion of the defendants Hampton Hills Associates General Partnership, Hampton Hills Operating Corp., Barry J. Beil, and Stanley Pine, and the separate motion of the defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP, which were pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action in the third amended complaint is dismissed as academic; and it is further,
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provisions thereof granting those branches of the motion of the defendants Hampton Hills Associates General Partnership, Hampton Hills Operating Corp., Barry J. Beil, and Stanley Pine, and the separate motion of the defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP, which were pursuant to CPLR 3211(a) to dismiss so much of the third amended complaint as asserted shareholder's derivative causes of action on behalf of Hampton Hills Operating Corp., and the first cause of action in the third amended complaint insofar as asserted by the plaintiffs Stephen Katz, Michael Loeb, and James V. Zizzi, individually, and substituting therefor provisions denying those branches of the motions, and (2) by deleting the provision thereof denying that branch of the plaintiffs' motion which was to voluntarily discontinue the action insofar as commenced by the plaintiff Donald Chaifetz, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendants appearing separately and filing separate briefs.
The plaintiffs' appeal from so much of the order as granted those branches of the motion of the defendants Hampton Hills Associates General Partnership, Hampton Hills Operating Corp., Barry J. Beil, and Stanley Pine (hereinafter collectively the Hampton Hills defendants), and the separate motion of the defendants Finkle Ross & Rost, LLP, and Finkle & Ross, LLP (hereinafter together the Finkle defendants), which were to dismiss the third, fourth, and fifth causes of action in the third amended complaint is academic, as the plaintiffs seek review of only one of the bases upon which the Supreme Court granted those branches of the motions (see Klam v Klam, 239 AD2d 390). Hence, even if we were to find the plaintiffs' contentions on appeal persuasive, an independent alternative ground exists for granting those branches of the motions which were to dismiss those causes of action which the plaintiffs have not challenged, and thus would remain unaffected by any determination on this appeal (see id.). Accordingly, appellate review of the branches of the motions which were to dismiss those causes of action would neither alter the result nor directly affect a substantial right or interest of any party to this appeal (see e.g. Matter of Hearst Corp. v Clyne, 50 NY2d 707; Barrett Foods Corp. v New York City Bd. of Educ., 144 AD2d 410), and we therefore dismiss this portion of the appeal as academic (see Habe v Triola, 154 AD2d 437).
Contrary to the plaintiffs' contentions, the Supreme Court's determination that certain causes of action should be dismissed pursuant to CPLR 3211(a) was not precluded by this Court's determination on a prior appeal that similar causes of action were not palpably insufficient nor patently devoid of merit (see Katz v Beil, 142 AD3d 957). The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision, and to the same question in the same case (see Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 842). On the prior appeal, we determined only that the plaintiffs' proposed amendments were not so palpably insufficient as to warrant denial of the plaintiffs' motion to amend. On an ensuing motion to dismiss, however, the standard is whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88).
However, the Supreme Court should not have determined that so much of the third amended complaint as asserted shareholders' derivative causes of action on behalf of Hampton Hills Operating Corp. (hereinafter the Operating Corp.) should be dismissed pursuant to CPLR 3211(a)(1) and (3). "On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 719). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see New York Community Bank v McClendon, 138 AD3d at 806).
Here, the defendants failed to meet their burden of establishing, prima facie, the Operating Corp.'s lack of standing as a matter of law (see CPLR 3211[a][3]; Enhanced Acquisitions II, LLC v McSam Tribeca, LLC, 141 AD3d 506). Furthermore, the defendants failed to present documentary evidence, within the meaning of CPLR 3211(a)(1), that utterly refuted the plaintiffs' factual allegations that the Operating Corp. suffered cognizable injuries as a result of the defendants' conduct (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Anderson v Armentano, 139 AD3d 769, 771; Fontanetta v John Doe 1, 73 AD3d 78, 85). Accordingly, the Supreme Court should have denied those branches of the motion of the Hampton Hills defendants and the separate motion of the Finkle defendants which were pursuant to CPLR 3211(a)(1) and (3) to dismiss so much of the third amended complaint as asserted shareholders' derivative causes of action on behalf of the Operating Corp.
The Supreme Court also should have denied those branches of the motion of the Hampton Hills defendants and the separate motion of the Finkle defendants which were pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in the third amended complaint, for breach of fiduciary duty, insofar as asserted by the individual plaintiffs. Accepting the facts as alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the first cause of action adequately pleaded a cause of action by the individual plaintiffs to recover damages for breach of fiduciary duty against Beil and Pine, their partners in Hampton Hills Association General Partnership (hereinafter the Partnership) (see Birnbaum v Birnbaum, 73 NY2d 461, 465; Meinhard v Salmon, 249 NY 458, 468; Alizio v Perpignano, 176 AD2d 279, 281).
We agree with the Supreme Court's determination denying that branch of the Finkle defendants' motion which was to dismiss so much of the eighth cause of action in the third amended complaint as asserted a derivative claim against them on behalf of the Partnership. The evidence the Finkle defendants submitted in support of their motion did not utterly refute the plaintiffs' factual allegations, conclusively establish a defense as a matter of law, or demonstrate that the plaintiffs had no cause of action to sue derivatively on behalf of the Partnership (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Pacific W., Inv. v E & A Restoration, Inc., 178 AD3d 834).
We also agree with the Supreme Court's determination denying those branches of the plaintiffs' motion which were to vacate the note of issue and for leave to file a jury demand nunc pro tunc. The plaintiffs failed to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue that caused them substantial prejudice (see Ferraro v North Babylon Union Free School Dist., 69 AD3d 559, 561; White v Mazella-White, 60 AD3d 1047, 1049), or make an adequate factual showing that their failure to timely file a jury demand was the result of inadvertence or other excusable default (see Sumba v Sampaio, 44 AD3d 648).
However, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to voluntarily discontinue the action insofar as commenced by the plaintiff Donald Chaifetz. The defendants failed to show prejudice or other improper consequences would arise from permitting the discontinuance (see Tower Ins. Co. of N.Y. v Einhorn, 133 AD3d 841, 844).
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court