Benjamin v Yeroushalmi (2023 NY Slip Op 00295)

Benjamin v Yeroushalmi

2023 NY Slip Op 00295

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-05590
 (Index No. 3563/14)

[*1]Jim Benjamin, et al., respondents, 
v
Moussa Yeroushalmi, et al., appellants, et al., defendants.

The Law Office of Steven Cohn, P.C., Carle Place, NY (Matthew T. Feinman of counsel), for appellants.
Jaspan Schlesinger LLP, Garden City, NY (Stanley A. Camhi of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, the defendants Moussa Yeroushalmi and Farzaneh Yeroushalmi appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered July 10, 2020. The order denied the motion of the defendants Moussa Yeroushalmi and Farzaneh Yeroushalmi pursuant to CPLR 3211(a) to dismiss the sixth and eleventh causes of action in the second amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The background facts relating to this action are set forth in this Court's decision and order on a prior appeal (see Benjamin v Yeroushalmi, 178 AD3d 650). As relevant here, the plaintiff Jim Benjamin (hereinafter Jim) is a real estate developer and investor. According to the plaintiffs, in April 2007, Jim and the defendant Moussa Yeroushalmi (hereinafter Moussa) entered into a written joint venture agreement (hereinafter the Mineola joint venture) in connection with the acquisition and development of certain real property located on Old Country Road in Mineola (hereinafter the Mineola property). The Metropolitan Transportation Authority (hereinafter the MTA) was selling the Mineola property through a closed bid procedure and ultimately awarded the right to purchase the Mineola property to the plaintiffs and Moussa and the defendant Farzaneh Yeroushalmi (hereinafter together the defendants), with the parties agreeing to assign their rights to a third party, Robert Kahen. The plaintiffs allege that Moussa and Kahen secretly entered into a written agreement, dated May 18, 2007 (hereinafter the Kahen agreement), and that pursuant to the Kahen agreement, Kahen made a payment of $550,000 to Moussa. On July 2, 2008, Jim and Moussa executed an agreement (hereinafter the 2008 agreement), expressly superceding their prior agreement, in which Jim withdrew from the Mineola joint venture (see Benjamin v Yeroushalmi, 178 AD3d at 653).
In the second amended complaint, the sixth cause of action alleges a breach of fiduciary duty. The plaintiffs allege that Moussa owed a fiduciary duty to Jim during the time Moussa was a co-joint venturer and partner with Jim in the Mineola joint venture and that Moussa breached that duty by failing to disclose to Jim that Moussa had entered into the Kahen agreement [*2]and had received $550,000. The plaintiffs further allege that, had Jim known that Moussa had received funds from Kahen, Jim would not have entered into the 2008 agreement and relinquished his interest in the Mineola joint venture to Moussa. Similarly, the eleventh cause of action in the second amended complaint, alleging unjust enrichment and seeking a constructive trust, is based on allegations that a fiduciary relationship existed between Jim and Moussa, that Jim transferred his interest in the Mineola joint venture to Moussa in reliance upon Moussa's false representation that Kahen would not pay any compensation until the closing with the MTA, and that the transfer unjustly enriched Moussa.
In or around December 2019, the defendants moved pursuant to CPLR 3211(a) to dismiss the sixth and eleventh causes of action in the second amended complaint insofar as asserted against them. In an order entered July 10, 2020, the Supreme Court denied the defendants' motion. The defendants appeal, and we affirm.
As an initial matter, we reject the plaintiffs' contention that the defendants were precluded from moving pursuant to CPLR 3211(a)(7) to dismiss these causes of action because this Court had already considered the sufficiency of those causes of action on a prior appeal (see Benjamin v Yeroushalmi, 178 AD3d 654). "The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision, and to the same question in the same case" (Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688, 690; see Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 842). On the prior appeal, this Court necessarily determined only that the plaintiffs' proposed amendments were not so palpably insufficient as to warrant denial of the plaintiffs' motion for leave to amend the complaint (see Benjamin v Yeroushalmi, 178 AD3d 654). On a motion to dismiss pursuant to CPLR 3211(a)(7), however, the applicable standard is whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88).
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1181 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d at 87-88). In considering such a motion, "[t]he court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 664; see Leon v Martinez, 84 NY2d at 88). "In those situations, the court should liberally construe the complaint, and accept as true the facts alleged in the complaint and any submissions in opposition to the motion to dismiss" (Houtenbos v Fordune Assn., Inc., 200 AD3d at 664; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152).
The defendants contend that the causes of action alleging breach of fiduciary duty and unjust enrichment are dependent on the existence of a joint venture between Jim and Moussa and that the formation of a joint venture was not adequately pleaded. "The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise; and a provision for the sharing of profits and losses" (MacKay v Paesano, 185 AD3d 915, 915-916 [internal quotation marks omitted]; see Mawere v Landau, 130 AD3d 986, 988). Contrary to the defendants' contention, the second amended complaint, as supplemented by an affidavit submitted by the plaintiffs in opposition to the defendants' motion, and viewed in the light most favorable to the plaintiffs, adequately alleges the sharing of profits and losses, as well as the other elements essential to the formation of a joint venture.
The defendants' remaining contentions are without merit.
Accordingly, we affirm the order.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court