Waluyn v Access-A-Ride (2024 NY Slip Op 04097)

Waluyn v Access-A-Ride

2024 NY Slip Op 04097

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-08870
 (Index No. 526281/20)

[*1]Kenneth Waluyn, respondent, 
v
Access-A-Ride, et al., appellants, et al., defendants.

The Shanker Law Firm, P.C., New York, NY (Steven J. Shanker of counsel), for appellants.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Access-A-Ride, New York City Transit Authority, Metropolitan Transit Authority, MTA Bus Company, and Curb Mobility, LLC, appeal from an order of the Supreme Court, Kings County (Karen B. Rotherberg, J.), dated October 3, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as alleged negligence against those defendants based on vicarious liability under the doctrines of respondeat superior and agency.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a motor vehicle accident that occurred on October 7, 2019, when he was a passenger in a motor vehicle owned by the defendant Choudhary Ijaz and operated by the defendant Abu Ubaidah. The plaintiff had requested a ride through the service dispatcher of the defendant Access-A-Ride. The complaint alleged, inter alia, that "at all times" mentioned in the complaint, Ijaz and Ubaidah were agents, servants, and/or employees of the defendants Access-A-Ride, New York City Transit Authority, Metropolitan Transit Authority, MTA Bus Company, and Curb Mobility, LLC (hereinafter collectively the City defendants). The complaint alleged against the City defendants a cause of action sounding in negligence based on vicarious liability under the doctrines of respondeat superior and agency. The City defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as alleged negligence against them based on vicarious liability under the doctrines of respondeat superior and agency. In an order dated October 3, 2022, the Supreme Court denied that branch of the City defendants' motion. The City defendants appeal.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept all facts alleged in the pleading to be true, accord [the] plaintiff[ ] the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Benjamin v Yeroushalmi, 212 AD3d 758, 760 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Bare legal conclusions, factual claims flatly contradicted by the [*2]record, or legal conclusions or factual claims which are inherently incredible are not entitled to any such consideration" (Browne v Lyft, Inc., 219 AD3d 445, 446; see Everett v Eastchester Police Dept., 127 AD3d 1131, 1132). In assessing a motion under CPLR 3211(a)(7), the Supreme Court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 635). If the court considers evidentiary material, and the motion is not converted into one for summary judgment, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he or she has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Duncan v Emerald Expositions, LLC, 186 AD3d 1321, 1324). Whether a complaint will later survive a motion for summary judgment or whether the plaintiff will ultimately be able to prove its claims plays no part in the determination of a prediscovery motion to dismiss pursuant to CPLR 3211(a)(7) (see Maursky v Latham, 219 AD3d 473).
The Supreme Court properly denied that branch of the City defendants' motion which was to dismiss so much of the complaint as alleged negligence against the City defendants based on vicarious liability under the doctrines of respondeat superior and agency. According the plaintiff "the benefit of every possible favorable inference," the complaint, as supplemented by the plaintiff's sworn testimony at a hearing held pursuant to General Municipal Law § 50-h, stated a cause of action alleging negligence against the City defendants based upon an employer-employee and/or principal-agency relationship between the City defendants and Ijaz and/or Ubaidah (see Duncan v Emerald Expositions, LLC, 186 AD3d at 1324-1325; Karimov v Brown Harris Stevens Residential Mgt., LLC, 117 AD3d 910, 911; Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 58).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court