U.S. Bank N.A. v EquiFirst Corp. (2025 NY Slip Op 00071)

U.S. Bank N.A. v EquiFirst Corp.

2025 NY Slip Op 00071

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 650692/13 Appeal No. 3425 Case No. 2023-06159 

[*1]U.S. Bank National Association, etc., Plaintiff-Respondent-Appellant,
v
EquiFirst Corporation, et al., Defendants-Appellants-Respondents.

Sullivan & Cromwell LLP, New York (Jeffrey T. Scott of counsel), for appellants-respondents.
Holwell Shuster & Goldberg LLP, New York (Neil R. Lieberman of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered October 31, 2023, which granted in part and denied in part defendants' motion to dismiss the amended complaint, unanimously modified, on the law, to grant the motion in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Defendant EquiFirst Corporation had a repurchase obligation under the mortgage loan purchase agreement. Therefore, the failure-to-notify (FTN) claim should have been dismissed as against it (see Bank of N.Y. Mellon v WMC Mtge., LLC, 151 AD3d 72, 76, 81 [1st Dept 2017]; see also Matter of Part 60 RMBS Put-Back Litig., 195 AD3d 40, 53 [1st Dept 2021]). LDIR, LLC v DB Structured Prods., Inc. (172 AD3d 1 [1st Dept 2019]) allowed a FTN claim to proceed (see id. at 4), even though defendant DB Structured Products was subject to the repurchase protocol (id. at 3). However, in LDIR, the notice provision was ambiguous (see id. at 4-5 see also Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688, 690 [2d Dept 2020]). By contrast, the notice provision in this case is not ambiguous.
Since no FTN claim lies against EquiFirst, Barclays cannot be liable as EquiFirst's alter ego or successor. Were we to consider those claims, we would find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025