Big C Contr. Corp. v Fishman (2025 NY Slip Op 02306)

Big C Contr. Corp. v Fishman

2025 NY Slip Op 02306

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-07822
2024-01569
 (Index No. 606845/22)

[*1]Big C Contracting Corp., respondent, 
v
Samuel Fishman, etc., et al., appellants, et al., defendants.

Law Offices of Gerald P. Gross, P.C., Cedarhurst, NY (Avraham Goldberg of counsel), for appellants.
Gutman Weiss, P.C., Brooklyn, NY (Marc Illish of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Samuel Fishman and Sharon Fishman appeal from (1) an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered June 12, 2023, and (2) an order of the same court entered November 28, 2023. The order entered June 12, 2023, insofar as appealed from, denied those defendants' cross-motion for summary judgment dismissing the second cause of action and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff and the plaintiff's counsel. The order entered November 28, 2023, insofar as appealed from, upon reargument, adhered to the determination in the order entered June 12, 2023, denying those defendants' cross-motion for summary judgment dismissing the second cause of action and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff and the plaintiff's counsel.
ORDERED that the appeal from the order entered June 12, 2023, is dismissed, as the portion of the order appealed from was superseded by the order entered November 28, 2023, made upon reargument; and it is further,
ORDERED that the order entered November 28, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against, among others, the defendants Samuel Fishman and Sharon Fishman (hereinafter together the defendants), alleging, inter alia, breach of a written home construction contract and, alternatively, to recover in quantum meruit. The defendants moved, pre-answer, among other things, pursuant to CPLR 3211(a)(7) to dismiss the quantum meruit cause of action. In an order dated November 21, 2022, the Supreme Court, inter alia, granted that branch of the defendants' motion.
After the defendants interposed an answer, the plaintiff moved, among other things, to dismiss certain counterclaims asserted by the defendants. The defendants cross-moved for summary judgment dismissing the second cause of action, alleging breach of contract, and pursuant [*2]to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff and the plaintiff's counsel for frivolous conduct. The defendants argued that the home construction contract was unenforceable because it did not comply with all of the requirements of General Business Law § 771. In an order entered June 12, 2023, the Supreme Court, inter alia, denied the defendants' cross-motion. The defendants moved, among other things, for leave to reargue their cross-motion. In an order entered November 28, 2023, the court, inter alia, upon reargument, adhered to the determination denying the defendants' cross-motion. The defendants appeal.
Upon reargu ment, the Supreme Court properly adhered to the determination denying that branch of the defendants' cross-motion which was for summary judgment dismissing the breach of contract cause of action. However, contrary to the plaintiff's contention, the doctrine of the law of the case does not preclude the defendants' argument that the parties' contract was unenforceable. "'The doctrine of the law of the case is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned'" (U.S. Bank N.A. v Tenenbaum, 228 AD3d 696, 699, quoting Martin v City of Cohoes, 37 NY2d 162, 165). "'The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision, and to the same question in the same case'" (Benjamin v Yeroushalmi, 212 AD3d 758, 759, quoting Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688, 690).
Here, the defendants had argued on their pre-answer motion to dismiss that the quantum meruit cause of action should be dismissed because the plaintiff "[pleaded] a breach of contract cause of action," and the Supreme Court directed dismissal of the quantum meruit cause of action on that ground. In deciding the pre-answer motion to dismiss, the court did not determine on the merits that the contract was valid and enforceable (see id.; Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688).
Nevertheless, under the circumstances of this case, the defendants failed to make a prima facie showing that the contract was unenforceable for failure to comply with General Business Law § 771 (see Environmental Appraisers & Bldrs., LLC v Imhof, 143 AD3d 756, 758). "General Business Law § 771 sets forth a number of requirements for home improvement contracts" (Home Constr. Corp. v Beaury, 149 AD3d 699, 701; see General Business Law § 771). However, inasmuch as "General Business Law article 36-A does not expressly mandate that contracts which are not in strict compliance therewith are unenforceable," the failure to strictly comply with all of the requirements of General Business Law § 771 does not render a home improvement contract per se unenforceable in all cases (Wowaka & Sons v Pardell, 242 AD2d 1, 6; see Environmental Appraisers & Bldrs., LLC v Imhof, 143 AD3d at 758; Porter v Bryant, 256 AD2d 395, 396). Here, the contract demonstrated that there was a meeting of the minds between the parties as to the material terms of the contract (see Porter v Bryant, 256 AD2d at 396; Wowaka & Sons v Pardell, 242 AD2d at 7). "Moreover, the denial of relief to the [plaintiff] in this case would be out of proportion to the requirements of public policy or appropriate individual punishment insofar as the alleged contractual omissions played no part whatsoever in inducing the [defendants] to enter into the contract" (Wowaka & Sons v Pardell, 242 AD2d at 6). Accordingly, upon reargument, the Supreme Court properly adhered to the determination denying that branch of the defendants' cross-motion which was for summary judgment dismissing the breach of contract cause of action regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the defendants' contention, sanctions were not warranted in this case (see 22 NYCRR 130-1.1; Osmolska v Giuseppa Morreale Family Trust, 230 AD3d 594, 596; Tamburello v Tamburello, 165 AD3d 1006, 1008-1009). Accordingly, upon reargument, the Supreme Court properly adhered to the determination denying that branch of the defendants' cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff and the plaintiff's counsel.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court