Joseph G. Shapiro Ltd. Family Partnership v Sun Lakes Dev. Corp.
2026 NY Slip Op 03153
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph G. Shapiro Limited Family Partnership, etc., appellant,
v
Sun Lakes Development Corp., et al., respondents, et al., defendants. (Action No. 1)
Joseph G. Shapiro Limited Family Partnership, etc., appellant,
Saddle Cove Associates, LLC, et al., defendants, Sun Lakes Development Corp., et al., respondents. (Action No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2021-04061, (Index Nos. 610132/20, 610179/20)
Hector D. LaSalle, P.J.
William G. Ford
Helen Voutsinas
James P. McCormack, JJ.

Richman & Levine, P.C., Garden City, NY (Keith H. Richman and Ira W. Seligman of counsel), for appellant in Action Nos. 1 and 2.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Paul B. Sweeney and Christopher P. Dooley of counsel), for respondents in Action Nos. 1 and 2.

[*1]
DECISION & ORDER
In two related actions, inter alia, to recover damages for breach of fiduciary duty, which were joined for discovery and trial, the plaintiff in Action Nos. 1 and 2 appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered May 28, 2021. The order, insofar as appealed from, in effect, granted the motion of the defendants Sun Lakes Development Corp., NAS Realty Co., R.S. Management Co., RS Management Corp. of N.Y., RS Building Corp. of NY, Plaza Management Co., LLC, Norman Schefer, Ronald Schefer, and Helene Schefer pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them in Action No. 1, and the motion of the defendants Sun Lakes Development Corp., NAS Realty Co., RS Management Co., R.S. Management Corp. of N.Y., RS Building Corp. of NY, Plaza Management Co., LLC, Norman Schefer, and Ronald Schefer pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them in Action No. 2.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2020, the plaintiff commenced separate derivative actions, inter alia, to recover damages for breach of fiduciary duty. The plaintiff commenced the first action (hereinafter the Saddle Rock action) purportedly as a limited partner of the nominal defendant Saddle Rock Associates, LP (hereinafter Saddle Rock), on behalf of Saddle Rock. The plaintiff commenced the second action (hereinafter the Saddle Cove action) purportedly as a limited partner of Saddle Rock on behalf of the nominal defendant Saddle Cove Associates, LLC (hereinafter Saddle Cove). The complaints in the Saddle Cove action and the Saddle Rock action alleged that Saddle Rock was a limited partnership formed pursuant to an agreement of limited partnership in April 1994 to own [*2]and operate an apartment complex in Holbrook. Saddle Cove was formed in November 1996 to own and operate an apartment complex in Bohemia, and Saddle Rock was an original member of Saddle Cove. The complaints further alleged that the plaintiff obtained an interest in Saddle Rock by agreement dated June 2004, whereby Joli Marketing Company, an original limited partner of Saddle Rock, assigned its 19% interest in Saddle Rock to the plaintiff. In the complaints, the plaintiff alleged, among other things, that the defendants Sun Lakes Development Corp., NAS Realty Co., R.S. Management Co., RS Management Corp. of N.Y., RS Building Corp. of NY, Plaza Management Co., LLC, Norman Schefer, and Ronald Schefer (hereinafter collectively the Saddle Cove defendants), in managing and operating Saddle Cove and/or Saddle Rock, engaged in a deliberate scheme, inter alia, to waste the assets of Saddle Cove and/or Saddle Rock through self-dealing and misappropriation and to defraud Saddle Cove and/or Saddle Rock and certain of its members. Subsequently, the Saddle Cove action and the Saddle Rock action were joined for discovery and trial.
The Saddle Cove defendants moved in the Saddle Cove action, and the Saddle Cove defendants and the defendant Helene Schefer (hereinafter collectively the Saddle Rock defendants) moved in the Saddle Rock action, pursuant to CPLR 3211(a) to dismiss the complaints insofar as asserted against each of them, alleging, among other things, that the plaintiff lacked standing to maintain the derivative actions on behalf of Saddle Rock and Saddle Cove since it was not a limited partner of Saddle Rock. In an order entered May 28, 2021, the Supreme Court, inter alia, in effect, granted the respective motions of the Saddle Cove defendants and the Saddle Rock defendants insofar as asserted against each of them. The plaintiff appeals.
On a motion to dismiss the complaint pursuant to CPLR 3211, "the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide the plaintiff the benefit of every possible inference" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see CPLR 3026). "'On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law'" (Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688, 691, quoting New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89-90). "'To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing'" (Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d at 691, quoting Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60). "'A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law'" (Silber Inv. Props., LTD. v BJG Islandia Realty, LLC, 236 AD3d 953, 954, quoting Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965 966-967; see Katsorhis v 718 W. Beech St, LLC, 234 AD3d 744, 746).
Partnership Law § 121-702(a) provides, in relevant part, that, except as provided in the partnership agreement, "[a] partnership interest is assignable in whole or in part"; "[a]n assignment of a partnership interest does not . . . entitle the assignee to become or to exercise any rights or powers of a partner"; and "[t]he only effect of an assignment is to entitle the assignee to receive, to the extent assigned, the distributions and allocations of profits and losses to which the assignor would be entitled" (id. § 121-702[a][1], [2], [3]). Consistent with this limitation, Partnership Law § 121-702(c) provides that the assignee of a partnership interest who has not become a partner shall have no liability as a partner solely as a result of the assignment.
Here, in support of their respective motions, the Saddle Cove defendants and the Saddle Rock defendants submitted, among other things, copies of the complaints in the Saddle Cove action and the Saddle Rock action and a copy of the Saddle Rock partnership agreement. Pursuant to article 11 of the Saddle Rock partnership agreement, an assignee of any interest of a limited partner "may become a substituted Limited Partner only with the prior written consent of the majority in interest of the Partners, in their discretion, reasonably exercised, and then only in accordance with the other terms and conditions set forth in this Article." Since the plaintiff merely [*3]alleged in each of the complaints that it was an assignee of Joli Marketing Company's 19% interest in Saddle Rock and did not allege that it had become a limited partner in compliance with the Saddle Rock partnership agreement, the Saddle Cove defendants and the Saddle Rock defendants demonstrated, prima facie, that the plaintiff lacked standing to commence derivative actions on behalf of either Saddle Cove or Saddle Rock because it was not a limited partner of Saddle Rock (see id. §§ 121-702(a), 121-1002; cf. E. Daskal Corp. v New City Ventures LP, 225 AD2d 653, 654).
In opposition, the plaintiff conceded that it had not obtained the prior written consent of the majority of Saddle Rock's partners in order to become a limited partner, and its submissions failed to raise a question of fact as to its standing (see Pappas v 38-40 LLC, 172 AD3d 409, 410).
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
Accordingly, the Supreme Court properly, in effect, granted the respective motions of the Saddle Cove defendants and the Saddle Rock defendants pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court