■ KLAUS KLAM, Appellant, v RENATE KLAM, Respondent. [658 NYS2d 35] —In an action, *inter alia,* to impose a construc-

tive trust on certain real property, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Lifson, J.), dated February 26, 1996, as upon granting the defendant's motion for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the appeal is dismissed as academic, with costs to the defendant.

The record demonstrates that at the close of the plaintiff's case, the defendant moved for judgment as a matter of law dismissing the complaint, and the plaintiff cross-moved for the same relief. The trial court denied the plaintiff's cross motion, and granted the defendant's motion to dismiss the complaint on the grounds that (1) the plaintiff's proof failed to make out the elements of a constructive trust by clear and convincing evidence, and (2) the plaintiff failed to comply with a prior order of the court directing him to post an undertaking, thereby warranting the dismissal of the action. On appeal, the plaintiff takes issue only with the court's determination that he failed to establish the elements of a constructive trust. He does not challenge the Supreme Court's dismissal of his action for his failure to post the undertaking.

It is well settled that "[t]he mootness doctrine enjoins appellate review of academic questions" *(Matter of General Bldg. Contrs. v Egan,* 106 AD2d 688, 690). Here, the plaintiff's appeal is academic, inasmuch as he seeks review of only one of the bases upon which the trial court dismissed his complaint. Hence, even if we were to find his contention persuasive, an independent alternative ground for the dismissal exists which the plaintiff has not challenged, and thus would remain unaffected by any determination on this appeal. Accordingly, appellate review of this matter would neither alter the result nor directly affect a substantial right or interest of any party to this appeal *(see, e.g., Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Barrett Foods Corp. v New York City Bd. of Educ.,* 144 AD2d 410), and we therefore dismiss this appeal as academic *(see, Habe v Triola,* 154 AD2d 437; *SOS Oil Corp. v Norstar Bank,* 152 AD2d 223, 228, *affd* 76 NY2d 561). Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.