■ PATRICIA VANDERBEEK, Appellant, v EVELYN BECKERLE, Respondent. [983 NYS2d 609]—

In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), entered November 27, 2012, as, in effect, converted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint into one for summary judgment dismissing the complaint, and thereupon granted that branch of the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Rockland County, for a determination on the merits of that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint.

The defendant moved, inter alia, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint. In the order appealed from, the Supreme Court, inter alia, in effect, converted that branch of the defendant's motion into one for summary judgment dismissing the complaint, and thereupon granted that branch of the motion. The plaintiff appeals.

The Supreme Court erred when it, in effect, converted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint into one for summary judgment dismissing the complaint. At no time did the Supreme Court notify the parties that it was converting the

subject branch of the defendant's motion into a motion for summary judgment, as courts are statutorily required to do under CPLR 3211 (c). Moreover, none of the recognized exceptions to the notice requirement are applicable (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 258 [2012]). Accordingly, since the subject branch of the defendant's motion was improperly converted into one for summary judgment, we reverse the order insofar as appealed from, and remit the matter to the Supreme Court, Rockland County, for a determination on the merits of that branch of the defendant's motion. We note that the Supreme Court is permitted, upon "adequate notice to the parties," to treat the subject branch of the defendant's motion as a motion for summary judgment (CPLR 3211 [c]). Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.