■ MERYL A. ROSENBLUM et al., Appellants, v GREAT NECK TEACHERS ASSOCIATION BENEFIT TRUST FUND, Respondent. [995 NYS2d 607]—

In an action for a judgment declaring, inter alia, that the defendant must provide the plaintiffs with legal representation in six actions pending against them, and to recover treble damages, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Iannucci, J.), dated June 25, 2012, which, upon an order of the same court dated February 1, 2012, converting the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint into one for summary judgment, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order dated June 25, 2012, is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to provide the plaintiffs with

legal representation in the subject six actions pending against them.

The plaintiff Meryl Rosenblum (hereinafter Meryl) is a teacher in the Great Neck School District. She and her husband, the plaintiff Jeffrey Rosenblum, were sued by contractors in six separate actions stemming from a construction project at their new home. Meryl sought coverage for legal services through the defendant, Great Neck Teachers Association Benefit Trust Fund, which, inter alia, provides legal representation benefits to its members for certain types of legal matters. The defendant provided coverage for the legal services for all six of the lawsuits pending against them. However, disputes arose between the plaintiffs and the law firm that had represented them in all of the matters, and the law firm sought to withdraw as counsel. The law firm's motions to withdraw from each of the pending lawsuits were granted, and the plaintiffs sought coverage to hire a new attorney to represent them, at the expense of the defendant. The defendant denied their request.

The plaintiffs commenced this action, inter alia, for a judgment declaring that the defendant is obligated to provide them with additional legal representation. Specifically, the plaintiffs argued that the defendant was required to provide substitute counsel in order to comply with the mandates of the Rules of Professional Conduct and that its action or inaction violated section 487 of the Judiciary Law.

Contrary to the plaintiffs' contentions, the Supreme Court is permitted, as it did here, upon "adequate notice to the parties," to treat the defendant's motion pursuant to CPLR 3211 (a) as a motion for summary judgment (see CPLR 3211 [c]; Vanderbeek v Beckerle, 116 AD3d 764 [2014]). The defendant made a prima facie showing of its entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). As the Supreme Court properly determined, the Rules of Professional Conduct upon which the plaintiffs relied seek to regulate the professional conduct of attorneys and not the legal service plan offered by the defendant. In opposition to this prima facie showing, the plaintiffs failed to raise a triable issue of fact (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, consistent with the order appealed from, declaring that the defendant is not obligated to provide the plaintiffs with legal representation in the subject six separate actions stem-

ming from the construction project at their new home (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.