■ JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, as Purchaser of the Loans and Other Assets of Washington Mutual Bank, Formerly Known as WASHINGTON MUTUAL BANK, FA, Respondent, v WILLIAM C. JOHNSON et al., Appellants, et al., Defendants. [10 NYS3d 446]—

In an action, inter alia, for a judgment declaring that the plaintiff is the lawful holder of a consolidated mortgage on the subject property, the defendants William C. Johnson and Nancy C. Johnson appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Spinner, J.), dated July 17, 2012, which, in effect, converted their motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them into one for summary judgment dismissing the complaint insofar as asserted against them, and thereupon denied that motion, searched the record, and awarded summary judgment on the complaint to the plaintiff, and declared, in effect, that the plaintiff is the lawful holder of the consolidated mortgage.

Ordered that the order and judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The plaintiff commenced this action, inter alia, for a judgment declaring that it is the lawful holder of a consolidated mortgage on the subject property. After issue was joined, the defendants William C. Johnson and Nancy C. Johnson (herein-

after together the Johnsons), the owners of the subject property, moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them for lack of standing. In an order and judgment dated July 17, 2012, the Supreme Court, in effect, converted the Johnsons' motion into one for summary judgment dismissing the complaint, and thereupon denied that motion, searched the record, and awarded summary judgment on the complaint to the plaintiff, and, in effect, declared that the plaintiff is the lawful holder of the consolidated mortgage.

Since the Johnsons' motion was made after issue was joined, the Supreme Court correctly determined that it should be treated as a motion for summary judgment pursuant to CPLR 3212 (*see Rich v Lefkovits*, 56 NY2d 276, 278 [1982]; *Wesolowski v St. Francis Hosp.*, 108 AD3d 525, 526 [2013]; *Piro v Macura*, 92 AD3d 658, 660 [2012]; *Tufail v Hionas*, 156 AD2d 670, 671 [1989]). However, the Supreme Court "was required to give 'adequate notice to the parties' that the motion was being converted into one for summary judgment" (*Wesolowski v St. Francis Hosp.*, 108 AD3d at 526, quoting CPLR 3211 [c]; *see Rich v Lefkovits*, 56 NY2d at 281), unless one of the recognized exceptions to the notice requirement was applicable (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Vanderbeek v Beckerle*, 116 AD3d 764 [2014]). Here, no such notice was given, and none of the recognized exceptions to the notice requirement is applicable (*see Bowes v Healy*, 40 AD3d 566 [2007]). Neither the Johnsons nor the plaintiff made a specific request for summary judgment, nor did they "indicate that the case involved a purely legal question rather than any issues of fact" (*Mihlovan v Grozavu*, 72 NY2d at 508). Further, the parties' evidentiary submissions were not so extensive as to "make it 'unequivocally clear' that they were 'laying bare their proof' and 'deliberately charting a summary judgment course'" (*Wesolowski v St. Francis Hosp.*, 108 AD3d at 526, quoting *Sokol v Leader*, 74 AD3d 1180, 1183 [2010]; *see Patel v Primary Constr., LLC*, 115 AD3d 834 [2014]). Accordingly, the Supreme Court erred by, in effect, converting the Johnsons' motion pursuant to CPLR 3211 (a) (3) to dismiss the complaint into one for summary judgment, and should not have searched the record and awarded summary judgment to the plaintiff (*see Patel v Primary Constr., LLC*, 115 AD3d 834 [2014]; *Moutafis v Osborne*, 18 AD3d 723 [2005]).

In light of our determination, we need not reach the parties' remaining contentions.

We remit the matter to the Supreme Court, Suffolk County,

to give "adequate notice to the parties" that the Johnsons' motion is being converted into a motion for summary judgment dismissing the complaint insofar as asserted against them, so as to provide the Johnsons an opportunity to lay bare their proof in support of the motion, and for a new determination thereafter (CPLR 3211 [c]). Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.