■ Lucia Montes, Respondent, v City of New York, Defendant, and Julia E. Cortez, Appellant. [33 NYS3d 745]—In an action to recover damages for personal injuries, the defendant Julia E. Cortez appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated September 30, 2014, as denied as untimely her motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her based on the doctrine of collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendants to recover damages for personal injuries she allegedly sustained when she slipped and fell on ice while walking on a sidewalk abutting a one-family residential property in Queens owned by the defendant Julia E. Cortez. After issue was joined and discovery completed, Cortez moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her based on the doctrine of collateral estoppel.

Since Cortez's motion was made after issue was joined, the Supreme Court correctly determined that it should be treated as a motion for summary judgment pursuant to CPLR 3212 (*see JP Morgan Chase Bank, N.A. v Johnson*, 129 AD3d 914, 915 [2015]; *Wesolowski v St. Francis Hosp.*, 108 AD3d 525, 526 [2013]; *Kavoukian v Kaletta*, 294 AD2d 646, 646 [2002]). Moreover, the court properly denied the motion as untimely in view of Cortez's failure to show "good cause" for not serving the motion within 120 days after the filing of the note of issue (CPLR 3212 [a]; *see Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Hsiao Yung Wang v Chei Fong Lee*, 110 AD3d 1060 [2013]; *Ofman v Ginsberg*, 89 AD3d 908, 908 [2011]).

The parties' remaining contentions need not be reached in light of our determination. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.