Armatas v Kestenbaum (2020 NY Slip Op 07846)





Armatas v Kestenbaum


2020 NY Slip Op 07846


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-00333
 (Index No. 7909/16)

[*1]Panagiotis Armatas, appellant, 
v
Alan C. Kestenbaum, defendant, Qiana Smith-Williams, respondent.


Panagiotis Armatas, Jackson Heights, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated September 12, 2017. The order, insofar as appealed from, granted that branch of the renewed motion of the defendant Qiana Smith-Williams which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as precluded by the doctrine of collateral estoppel.
ORDERED that the appeal is dismissed, with costs.
In 2008, the plaintiff commenced an action in the United States District Court for the Eastern District of New York (hereinafter the District Court), alleging, inter alia, that the City of New York, the New York City Police Department, and individual police officers (hereinafter collectively the City defendants) violated his constitutional rights, violated 42 USC § 1983, and committed the state torts of false arrest, malicious prosecution, and intentional infliction of emotional distress. The District Court granted the City defendants' motion for summary judgment dismissing the complaint. In June 2016, the District Court barred the plaintiff from filing any additional papers in that action.
Thereafter, the plaintiff commenced this action in the Supreme Court, Queens County, against, among others, the defendant Qiana Smith-Williams (hereinafter the defendant), an attorney for the New York City Law Department who represented the City defendants in the federal action. The complaint alleges that the defendant violated Judiciary Law § 487 by, inter alia, filing fraudulent papers in the District Court, making false statements in the District Court, and representing clients that she knew were defrauding the District Court.
The defendant moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and as precluded by the doctrine of collateral estoppel. In an order dated February 7, 2017, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her as time-barred to the extent that the complaint was based on events that occurred one year and 90 days prior to September 7, 2016. The court denied with leave to renew that branch of the [*2]defendant's motion which was to dismiss the complaint insofar as asserted against her as precluded by the doctrine of collateral estoppel.
The defendant then renewed that branch of her motion which was to dismiss the complaint insofar as asserted against her as precluded by the doctrine of collateral estoppel, and moved for leave to reargue that branch of her motion which was to dismiss the complaint insofar as asserted against her as time-barred. In an order dated September 12, 2017, the Supreme Court, upon renewal, granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her as precluded by the doctrine of collateral estoppel. Further, the court granted leave to reargue, and, upon reargument, in effect, vacated so much of the order dated February 7, 2017, as granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her as time-barred to the extent that the complaint was based on events that occurred one year and 90 days prior to September 7, 2016, and thereupon granted that branch of the defendant's motion in its entirety.
The plaintiff appeals from so much of the order as, upon renewal, granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her as precluded by the doctrine of collateral estoppel. However, the plaintiff does not challenge the Supreme Court's determination, upon reargument, that the action was time-barred by the applicable statute of limitations. Accordingly, the plaintiff's contention that the court should not have, upon renewal, granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her as precluded by the doctrine of collateral estoppel is academic.
Accordingly, we dismiss the appeal.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court