Jin Gak Kim v Kirchoff-Consigli Constr. Mgt., LLC (2021 NY Slip Op 05118)





Jin Gak Kim v Kirchoff-Consigli Constr. Mgt., LLC


2021 NY Slip Op 05118


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-14030
 (Index No. 7808/14)

[*1]Jin Gak Kim, plaintiff-respondent,
v
Kirchoff-Consigli Construction Management, LLC, defendant second third-party plaintiff-appellant; TMC Services, Inc., etc., second third-party defendant-respondent (and another third-party action).


Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman of counsel), for defendant second third-party plaintiff-appellant.
Napoli Shkolnik PLLC, New York, NY (Kristina Georgiou of counsel), for plaintiff-respondent.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York, NY (Marci D. Mitkoff and Sydney A. Fetten of counsel), for second third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, Kirchoff-Consigli Construction Management, LLC, appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered September 18, 2018. The order, insofar as appealed from, denied that branch of the motion of Kirchoff-Consigli Construction Management, LLC, which was for summary judgment dismissing the complaint and denied that branch of the motion which was for summary judgment on its third-party cause of action for contractual indemnification against TMC Services, Inc.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In May 2014, the plaintiff commenced this action to recover damages for personal injuries he alleged he sustained while working at a building under construction on the SUNY Albany campus. According to the plaintiff, Kirchoff-Consigli Construction Management, LLC (hereinafter Kirchoff), was performing certain construction work at the building, and Kirchoff entered into a subcontract with TMC Services, Inc. (hereinafter TMC), to perform demolition work associated with the project. The plaintiff, an employee of TMC, alleged that he was injured while working at the site in May 2013, when he was struck by a falling piece of two-by-four lumber which was approximately seven feet long. The plaintiff asserted causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Kirchoff, inter alia, interposed an answer, and commenced a second third-party action against TMC, asserting, among other things, a cause of action for contractual indemnification.
Following discovery, Kirchoff moved, among other things, for summary judgment [*2]dismissing the complaint and on the second third-party contractual indemnification cause of action against TMC. In an order entered September 13, 2018, the Supreme Court, inter alia, denied those branches of Kirchoff's motion. Kirchoff appeals. We affirm.
The Supreme Court properly denied that branch of Kirchoff's motion which was for summary judgment dismissing the complaint. Although a construction manager of a work site is generally not responsible for injuries under Labor Law §§ 200, 240(1), or 241(6), when it functions as an agent of the property owner or general contractor in circumstances where it has the ability to control the activity which brought about the plaintiff's injury, responsibility will attach (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864; see also Maurisaca v Bowery at Spring Partners, L.P., 168 AD3d 711, 712). Here, Kirchoff's submissions failed to establish, prima facie, that it did not have the ability to control the activity which brought about the plaintiff's injury or the ability to establish and maintain safety procedures at the worksite at the time the accident occurred (see Eliassian v G.F. Constr., Inc., 163 AD3d 528, 529-530; Pino v Irvington Union Free School Dist., 43 AD3d 1130, 1131-1132). Since Kirchoff failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint, we need not address the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly denied that branch of Kirchoff's motion which was for summary judgment on the second third-party contractual indemnification cause of action against TMC. "'The right to contractual indemnification depends upon the specific language of the contract'" (O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Shea v Bloomberg, L.P., 124 AD3d 621, 622). "In addition, 'a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor'" (Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 773, quoting Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662).
Here, Kirchoff failed to eliminate triable issues of fact as to whether it was free from negligence with respect to the allegations that the plaintiff, an employee of TMC, was injured while working at the job site (see Crutch v 421 Kent Dev., LLC, 192 AD3d 977; Valdez v Turner Constr. Co., 171 AD3d 836, 840). Accordingly, summary judgment on the second third-party cause of action for contractual indemnification against TMC is not warranted (see e.g. Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d at 662), regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court