Dorce v Family Dollar Stores of N.Y., Inc. (2021 NY Slip Op 05117)





Dorce v Family Dollar Stores of N.Y., Inc.


2021 NY Slip Op 05117


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2017-06347
 (Index No. 17260/13)

[*1]Lourdes Marie Dorce, appellant, 
v
Family Dollar Stores of New York, Inc., et al., respondents.


Lowell B. Davis, Carle Place, NY, for appellant.
Wohl & Fruchter LLP, New York, NY (Ethan D. Wohl of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff is the owner of the subject real property by adverse possession, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 20, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging that the plaintiff is the owner of the subject property by adverse possession.
ORDERED that the appeal is dismissed, with costs.
The plaintiff commenced this action asserting, inter alia, a cause of action alleging that she is the owner of certain real property by adverse possession. She appeals from so much of an order as granted that branch of the defendants' motion which was for summary judgment dismissing this cause of action. The Supreme Court granted this branch of the defendants' motion on three separate independent grounds: (1) that the cause of action is barred by res judicata, (2) that the cause of action is barred by collateral estoppel, and (3) that, on the merits, the defendants established, prima facie, the absence of certain required elements of the cause of action, and the plaintiff failed to raise a triable issue of fact in opposition.
On appeal, the plaintiff argues only that the Supreme Court improperly determined that the cause of action alleging adverse possession is barred by the doctrines of res judicata and collateral estoppel. The plaintiff does not challenge the court's determination that, on the merits, the defendants established, prima facie, the absence of certain required elements of the cause of action alleging adverse possession, and that the plaintiff failed to raise a triable issue of fact in opposition. Thus, as the defendants correctly contend, even if we were to find the plaintiff's appellate arguments persuasive, an independent alternative ground exists for awarding summary judgment dismissing the cause of action which the plaintiff has not challenged, and thus would remain unaffected by any determination on this appeal. Accordingly, we dismiss the appeal as academic (see Armatas v Kestenbaum, 189 AD3d 1319, 1321; Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688, 690; Klam v Klam, 239 AD2d 390, 391).
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court