Champion Mtge. Co. v Antoine (2023 NY Slip Op 01176)

Champion Mtge. Co. v Antoine

2023 NY Slip Op 01176

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2019-11409
 (Index No. 712860/18)

[*1]Champion Mortgage Company, appellant,
v
Marlene Antoine, et al., defendants, Marjory Antoine, respondent.

Fidelity National Law Group, New York, NY (Julia W. Kiefer and David Wolkenstein of counsel), for appellant.
Domenick Napoletano, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Larry L. Love, J.), dated July 29, 2019. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint, in effect, converted that branch of the defendant Marjory Antoine's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her into a motion for summary judgment dismissing the complaint insofar as asserted against her and declaring that a certain mortgage on the subject property was null and void, and thereupon, granted that branch of the cross-motion.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, converting that branch of the defendant Marjory Antoine's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her into a motion for summary judgment dismissing the complaint insofar as asserted against her and declaring that a certain mortgage on the subject property was null and void, and thereupon granting that branch of the cross-motion, and substituting therefor a provision denying as academic that branch of the defendant Marjory Antoine's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
By bargain and sale deed dated August 18, 2007, Max A. Arnoux and Marlene Antoine (hereinafter Marlene) conveyed certain residential property in Queens to Marlene and Marjory Antoine (hereinafter the defendant) as joint tenants with right of survivorship. Thereafter, on October 29, 2009, Marlene executed a "closed-end fixed rate home equity conversion mortgage" (hereinafter the mortgage), which secured a loan in the maximum principal sum of $697,500 in favor of Wells Fargo Bank, N.A. (hereinafter Wells Fargo). Also on October 29, 2009, Marlene executed a quitclaim deed, pursuant to which she and the defendant purported to convey the premises to Marlene alone. However, the deed was not executed by the defendant. On November 3, 2009, $465,000 in loan proceeds were disbursed, including $74,940.96 in disbursements to pay certain liens on the premises. On December 24, 2011, Marlene died.
By corporate assignment of mortgage dated August 9, 2018, Wells Fargo assigned the mortgage to the plaintiff. On August 20, 2018, the plaintiff commenced this action pursuant to RPAPL article 15 against Marlene and the defendant, among others. The plaintiff alleged in the complaint, upon information and belief, that it was both Marlene's and the defendant's intention that the deed be executed by both parties in order to give Marlene a 100% interest in the premises. The plaintiff further alleged that, due to a "mutual mistake at the closing," the defendant failed to execute the October 29, 2009 deed transferring the premises from Marlene and the defendant, as joint tenants with rights of survivorship, to Marlene, individually. The plaintiff asserted causes of action to reform the October 29, 2009 deed to include the defendant's signature or, alternatively, for the imposition of an equitable lien/constructive trust on the defendant's one half interest in the premises based on theories of unjust enrichment or equitable subrogation.
In February 2019, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint, inter alia, to remove Marlene as a defendant, since she was deceased, and to remove the first cause of action, to reform the October 29, 2009 deed to include the defendant's signature. The defendant cross-moved, inter alia, to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211(a)(7) for failure to state a cause of action and pursuant to CPLR 3211(a)(5) as time-barred, and for a judgment declaring the mortgage null and void. In an order dated July 29, 2019, the Supreme Court, inter alia, denied the plaintiff's motion, in effect, converted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her into a motion for summary judgment dismissing the complaint insofar as asserted against her and declaring that a certain mortgage on the subject property was null and void, and thereupon, granted that branch of the cross-motion. The plaintiff appeals.
CPLR 3211(c) provides that, "[u]pon the hearing of a motion made under [CPLR 3211(a) or (b)], either party may submit any evidence that could properly be considered on a motion for summary judgment. Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment." "CPLR 3211(c) requires that if a court intends to treat a CPLR 3211 motion as one for summary judgment under CPLR 3212, it must give the parties notice of its intention to do so" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258; see Galardi v Town of Hempstead, 164 AD3d 760, 761).
Here, the Supreme Court erred in, in effect, converting that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her to one for summary judgment. The court failed to provide the requisite notice to the parties, and none of the recognized exceptions to the notice requirement applied (see Galardi v Town of Hempstead, 164 AD3d at 761; Soroush v Citimortgage, Inc., 161 AD3d 1124, 1125). Neither party made a specific request for summary judgment, and neither indicated that the case involved a purely legal question rather than any issues of fact (see JP Morgan Chase Bank, N.A. v Johnson, 129 AD3d 914, 915). Moreover, the parties' submissions were not so extensive as to make it unequivocally clear that they were laying bare their proof and deliberately charting a summary judgment course (see id.; Patel v Primary Constr., LLC, 115 AD3d 834, 834). Accordingly, the court should not have considered whether the defendant was entitled to summary judgment dismissing the complaint insofar as asserted against her and declaring that the mortgage was null and void.
Inasmuch as the plaintiff does not challenge the court's alternate determination that the complaint was time-barred pursuant to CPLR 3211(a)(5), we deny, as academic, that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her (see Visiko v Fleming, 199 AD3d 1431, 1431; Zaborowski v Local 74, Serv. Employees Intl. Union, AFL-CIO, 91 AD3d 768, 768).
The plaintiff's contention that the Supreme Court improvidently exercised its discretion in denying its motion pursuant to CPLR 3025(b) for leave to amend the complaint is without merit. The proposed amended complaint was patently without merit in that the causes of action therein were time-barred (see Oppedisano v D'Agostino, 196 AD3d 497, 498).
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court