AA Med., P.C. v Employee Med. Health Plan of Suffolk County (2024 NY Slip Op 03720)

AA Med., P.C. v Employee Med. Health Plan of Suffolk County

2024 NY Slip Op 03720

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-04597
 (Index No. 621215/21)

[*1]AA Medical, P.C., appellant, 
v
Employee Medical Health Plan of Suffolk County, respondent.

Axelrod LLP, New York, NY (Robert J. Axelrod of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Jackie L. Gross of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an implied contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated June 7, 2022. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for unjust enrichment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant to recover damages for breach of an implied contract and unjust enrichment. The defendant moved pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the complaint. By order dated June 7, 2022, the Supreme Court granted the motion pursuant to CPLR 3211(a)(3) for lack of standing and pursuant to CPLR 3211(a)(7) for failure to state a cause of action. The plaintiff appeals from so much of the order as granted that branch of the motion which was to dismiss the cause of action to recover damages for unjust enrichment.
On appeal, the plaintiff asserts that the Supreme Court improperly granted the subject branch of the motion pursuant to CPLR 3211(a)(7) for failure to state a cause of action. The plaintiff, however, advances no arguments concerning that portion of the order which granted that branch of the motion pursuant to CPLR 3211(a)(3) for lack of standing. Inasmuch as the plaintiff does not challenge the court's determination that the plaintiff lacked standing to assert a cause of action sounding in unjust enrichment, the plaintiff's contention that the cause of action was not subject to dismissal under CPLR 3211(a)(7) is academic (see Champion Mtge. Co. v Antoine, 214 AD3d 698, 701; Visiko v Fleming, 199 AD3d 1431, 1431). Thus, we affirm the order insofar as appealed from without reaching the plaintiff's arguments concerning CPLR 3211(a)(7) (see Matter of Lombardo v Thomas, 53 AD3d 549).
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court