Davidoff v Hershfield (2024 NY Slip Op 06559)

Davidoff v Hershfield

2024 NY Slip Op 06559

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-08090
 (Index No. 68477/19)

[*1]Jonathan Davidoff, appellant, 
v
Bruce Hershfield, et al., respondents.

Davidoff Law Firm, PLLC, New York, NY (Jonathan Marc Davidoff, suing herein as Jonathan Davidoff, pro se and Danielle Shapero of counsel), for appellant.
Dimopoulos Bruggemann, P.C., Tuckahoe, NY (Gus Dimopoulos, Atty K. Bruggemann, and Samae Rohani of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated August 27, 2021. The order, insofar as appealed from, denied the plaintiff's motion to vacate a compliance conference order dated March 12, 2021, and those branches of the plaintiff's separate motions which were to compel the depositions of the defendants and another individual, to vacate a trial readiness order dated May 24, 2021, and to vacate the note of issue.
ORDERED that the appeal is dismissed, with costs.
In November 2019, the plaintiff commenced this action against the defendants, inter alia, for declaratory relief, alleging, among other things, that the defendants promised him an ownership interest in the marital residence that the plaintiff had lived in with his wife, the defendants' daughter. In four separate motions, the plaintiff moved (1) to vacate a compliance conference order dated March 12, 2021, and, inter alia, (2) to compel the depositions of the defendants and another individual, (3) to vacate a trial readiness order dated May 24, 2021, and (4) to vacate the note of issue. In an order dated August 27, 2021, the Supreme Court, among other things, denied the plaintiff's first motion and the aforementioned branches of the plaintiff's subsequent motions (hereinafter the August 2021 order). The plaintiff appeals.
It is well settled that "'[t]he mootness doctrine enjoins appellate review of academic questions'" (Klam v Klam, 239 AD2d 390, 391, quoting Matter of General Bldg. Contrs. of N.Y. State v Egan, 106 AD2d 688, 690). Here, on appeal, the plaintiff contends only that the Supreme Court should not have denied his first motion and the branches of his subsequent motions on the ground that the motions were procedurally defective, to wit, that the plaintiff failed to comply with the procedural requirements set forth in the Westchester Supreme Court Differentiated Case Management Protocol Part Rules. Even if this Court were to find the plaintiff's arguments persuasive on the issue of the procedural defects, an independent alternative ground for the denial of his first motion and the branches of his subsequent motions exists since the plaintiff has not challenged the Supreme Court's determination that, in any event, the plaintiff's first motion and the branches of his subsequent motions were without merit (see Dorce v Family Dollar Stores of N.Y., [*2]Inc., 197 AD3d 1289, 1289; Klam v Klam, 239 AD2d at 391). Thus, the August 2021 order would remain unaffected by any determination on this appeal.
Accordingly, appellate review of this matter would neither alter the August 2021 order nor directly affect a substantial right or interest of a party to this appeal (see Armatas v Kestenbaum, 189 AD3d 1319, 1321; Klam v Klam, 239 AD2d at 391). Therefore, the appeal must be dismissed as academic (see Dorce v Family Dollar Stores of N.Y., Inc., 197 AD3d at 1289; Klam v Klam, 239 AD2d at 391).
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court