Phillip v Brooklyn Hosp. Ctr. (2026 NY Slip Op 00269)

Phillip v Brooklyn Hosp. Ctr.

2026 NY Slip Op 00269

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-10002 
2023-11868
 (Index No. 520185/19)

[*1]Martin Phillip, etc., appellant, 
vBrooklyn Hospital Center, respondent.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Furman Kornfeld & Brennan LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Melissa A. Danowski], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated October 10, 2023, and (2) a judgment of the same court entered November 16, 2023. The order, insofar as appealed from, granted that branch of the defendant's cross-motion which was pursuant to CPLR 3216 to dismiss the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action in September 2019 as attorney-in-fact for his father to recover damages for medical malpractice in connection with care rendered to his father. In March 2020, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction based on the plaintiff's failure to effectuate service of the summons and complaint within 120 days as required by CPLR 306-b. The plaintiff then moved to extend the time to serve the summons and complaint. The Supreme Court granted the plaintiff's motion and, in effect, denied the defendant's motion. In August 2021, the plaintiff's counsel notified the court that the plaintiff's father (hereinafter the decedent) had died. The plaintiff then sought to be appointed the decedent's personal representative and was granted letters of administration in June 2023. During this time, it was revealed that the decedent had in fact died in 2017, well before this action was commenced.
In July 2023, the plaintiff moved to restore the action to the Supreme Court's calendar and to amend the caption. The defendant cross-moved (1) for leave to renew its prior motion [*2]pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction and its opposition to the plaintiff's motion to extend the time to serve the summons and complaint and, upon renewal, inter alia, to grant the defendant's prior motion, (2) pursuant to CPLR 3211(a)(3) to dismiss the complaint based on the plaintiff's lack of capacity to commence this action when the summons and complaint was filed, with prejudice pursuant to CPLR 3126 as a sanction for failing to timely disclose the decedent's death, and (3) pursuant to CPLR 3216 to dismiss the complaint for lack of prosecution. In an order dated October 10, 2023, the court denied the plaintiff's motion and granted every branch of the defendant's cross-motion. On November 16, 2023, a judgment was entered, upon the order, in favor of the defendant and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
On appeal, the plaintiff contends only that the Supreme Court improperly granted that branch of the defendant's cross-motion which was pursuant to CPLR 3216 to dismiss the complaint for lack of prosecution. The plaintiff, however, advances no arguments concerning those portions of the order which granted those branches of the defendant's cross-motion which were (1) for leave to renew its prior motion pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction and its opposition to the plaintiff's motion to extend the time to serve the summons and complaint and, upon renewal, inter alia, to grant the defendant's prior motion and (2) pursuant to CPLR 3211(a)(3) to dismiss the complaint for lack of capacity to bring the action. Inasmuch as the plaintiff does not challenge the court's determination that he lacked the capacity to sue and that the court never obtained personal jurisdiction over the defendant, the plaintiff's contention that the complaint was not subject to dismissal pursuant to CPLR 3216 is academic (see AA Med., P.C. v Employee Med. Health Plan of Suffolk County, 229 AD3d 487; Champion Mtge. Co. v Antoine, 214 AD3d 698, 701; see also Dorce v Family Dollar Stores of N.Y., 197 AD3d 1289; Armatas v Kestenbaum, 189 AD3d 1319). Thus, we affirm the judgment without reaching the plaintiff's contentions concerning CPLR 3216 (see AA Med., P.C. v Employee Med. Health Plan of Suffolk County, 229 AD3d at 487; Champion Mtge. Co. v Antoine, 214 AD3d at 701).
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court